UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WILLIAM WARLOW, on behalf of himself and all those similarly situated,<br><br>  Plaintiff,<br><br>vs.<br><br>DANE'S FENCING & DECKING, LLC , DANE HUMPHRIES AND CHARITY COOPER D/B/A DOUBLE H TRACTOR & BUILDING<br><br>  Defendants. | CIVIL ACTION NO.:<br><br>SECTION:<br><br>MAGISTRATE: |

## COLLECTIVE ACTION COMPLAINT

NOW INTO COURT through undersigned counsel, comes Plaintiff, William Warlow, who, on behalf of himself and all other similarly employed persons, seek to assert claims for unpaid overtime against the following joint employer defendants: Dane's Fencing & Decking, LLC, an incorporated entity; Dane Humphries, individually; and Charity Cooper, individually; who also do business as "Double H Tractor & Building," representing as follows:

### JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, *et seq*., hereinafter called the "FLSA") to recover unpaid overtime wages, an equal amount as liquidated damages, pre-judgment interest, and reasonable attorneys fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

1

## VENUE

3.   Venue is proper in the Eastern District of Louisiana under 28 U.S.C. § 1391 because it is where Defendants are subject to personal jurisdiction, where Defendants do business in the State of Louisiana, and where the unlawful acts complained of occurred.

## PARTIES

4.   Plaintiff William Warlow is a resident of the State of Louisiana performing services for Defendants in the Parish of St. Tammany, Louisiana and the surrounding areas.

5.   Defendant Dane's Fencing & Decking, LLC is or was a Louisiana limited liability company that, during all or part of the time period set forth in the Complaint, was engaged in business in the Eastern District of Louisiana.

6.   Defendant Dane Humphries is a Louisiana resident and, upon information and belief, the sole person responsible for setting the policies and procedures for Dane's Fencing & Decking, LLC, including those complained of herein.

7.   Defendant Charity Cooper is a Louisiana resident and, upon information and belief, the sole person responsible for setting the policies and procedures for Dane's Fencing & Decking, LLC, including those complained of herein.

8.   Unless otherwise specified, Plaintiff refers to defendants collectively as "Defendants."

9.   All Defendants also conduct business under the name "Double H Tractor & Building" although this does not appear to be a legal juridical entity.

## FLSA COVERAGE ALLEGATIONS

10.   All previous paragraphs are incorporated as though fully set forth herein.

11.   At all times material hereto, Plaintiff was "engaged in commerce" within the

meaning of §6 and §7 of the FLSA while working for Defendants and was subject to the individual coverage of the FLSA.

12. Specifically, Plaintiffs was "engaged in commerce" because he used equipment and materials in the performance of his job tasks for Defendants that originated outside the state of Louisiana, including tools, machinery, gas and other equipment and materials.

13. In addition, Defendants, as a business enterprise, were "engaged in commerce" within the meaning of the FLSA because they jointly operated and engaged in business involving the receipt of objects, equipment and/or materials across state lines.

14. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of §6 and §7 of the FLSA, and subject to the individual coverage of the FLSA.

15. Specifically, Plaintiff was engaged in the performance of fencing and deck building and residential construction services for Defendants.

16. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

17. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of FLSA.

18. Specifically, Plaintiff performed services on contracts and projects obtained by Defendants.

19. Defendants controlled all aspects of Plaintiff's work, including the times Plaintiff worked, where he performed his work, the services he performed and the manner in which those services were performed.

20. In addition, Defendants provided Plaintiff with all of the equipment and materials

he needed to perform his job for Defendants.

21. Plaintiff was not an independent contractor and did not have a contract to perform discrete, specialized services for Defendants or work on discrete, separate projects.

22. Defendants had the power to hire and fire Plaintiff.

23. Defendants exercised complete control over Plaintiff, and Plaintiff was economically dependent upon Defendants.

24. Plaintiff was not in business for himself.

## JOINT EMPLOYER ALLEGATIONS

25. All previous paragraphs are incorporated as though fully set forth herein.

26. At all times material hereto, Defendants were Plaintiff's "joint employers" within the meaning of FLSA.

27. Specifically, when Plaintiff was hired by Defendants to perform services on Defendants' projects, Defendants operated under the name Dane's Fencing & Decking, LLC.

28. Plaintiff worked on projects contracted either to Dane's Fencing & Decking, LLC and/or Dane Humphries or Charity Cooper, all of who also operated under the name "Double H Tractor & Building," although this does not appear to be a legal juridical entity.

29. Plaintiffs wore shirts bearing Defendants' names and used equipment bearing Defendants' name.

30. Dane Humphries and/or Charity Cooper are the individual(s) who exercised complete control over the operations, employees, payroll and policies of Dane's Fencing & Decking, LLC (also d/b/a Double H Tractor & Building), and are the person(s) directly

responsible for the policies complained of herein.

31. In this manner, Defendants' operations were so intertwined as to be indistinguishable.

32. At all times material hereto, the work performed by the Plaintiffs was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

33. All previous paragraphs are incorporated as though fully set forth herein.

34. In October 2018, Plaintiff was hired by Defendants as a builder.

35. For the duration of his employment with Defendants, given the relationship between him and the Defendants and the amount of control they exercised over him, Plaintiff was legally considered as Defendants' "employee."

36. Plaintiff worked for Defendants until March 2019.

37. During Plaintiff's tenure with Defendants, Defendants exercised total control over the time, place and manner of his work. He had no ability to control his schedule, the place or time he would work, or who he would be working with during the time he spent working for Defendants.

38. When Plaintiff began working for Defendants, he was initially paid $15 per hour. Later that amount was increased to $16 per hour.

39. Plaintiff generally worked between 8 and 12 hours per day for Defendants for 5 or 6 days a week for Defendants.

40. Thus, Plaintiff regularly worked well in excess of 40 hours per week for Defendants, but was not paid time and one-half for any hours worked in excess of 40 per

5

week, in direct violation of the FLSA. This continued for the entire time he was employed by Defendants.

41. Documentation concerning the number of hours actually worked by Plaintiff and the compensation actually paid to Plaintiff is in the possession and custody and control of Defendants.

42. Thus, Defendants have violated Title 29 U.S.C. §207 in that:

    a. Plaintiff (and the putative collective action class plaintiffs) worked in excess of forty (40) hours per week during their periods of employment with Defendants throughout the time they were employed by Defendants;

    b. No payments, or provisions for payment, have been made by Defendants to properly compensate Plaintiff (and the putative collective action class plaintiffs) at the statutory rate of one and one-half times their regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA; and

    c. Defendants have failed to maintain proper time records as mandated by the FLSA.

43. In violating the FLSA, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions.

44. Specifically, Defendants had in place a system of payment that did not ensure that all employees who worked in excess of 40 hours per week were compensated at a rate of one and one-half times their regular rate of pay for every hour in excess of 40 worked.

45. Defendants knowingly paid Plaintiffs at their straight time rate of pay for hours worked in excess of 40 per week, despite the fact that under the applicable law, Plaintiffs (and the putative collective action class plaintiffs) are not exempt from the provisions of

6

the FLSA.

46. Defendants kept a list of the dates and times that Plaintiffs (and the putative collective action class plaintiffs) worked for them, and were therefore aware that they were not being paid overtime and they did not take any steps to guarantee that Plaintiffs (and the putative collective action class plaintiffs) received overtime pay.

## COLLECTIVE ACTION ALLEGATIONS.

47. All previous paragraphs are incorporated as though fully set forth herein.

48. Plaintiff brings this FLSA claim as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons, who, since May 2016, previously worked or currently work for Defendants and who worked in excess of 40 hours per week, but were not paid overtime for all hours worked in excess of 40 per week, all in direct violation of the FLSA.

49. Plaintiff brings this case as a collective action under the FLSA to recover unpaid overtime compensation, liquidated damages, statutory penalties, attorneys' fees and costs, and damages owed to Plaintiff and all similarly situated employees of Defendants.

50. Plaintiff estimates that there are dozens of members of the FLSA Collective Plaintiffs who have been affected by Defendants' improper policies and practices. Plaintiff's estimate that potential members of the FLSA Collective Plaintiffs number in the dozens is based upon the number of current employees of Defendants, the number of work locations maintained by Defendants, the Defendants' treatment of all of its employees in the same manner, and the turnover rate of Defendants' employees in the last three years. It would be impractical to join all of those employees and former employees in this action.

51. The precise number of FLSA Collective Plaintiffs can be easily identified and located using Defendants' timesheets, payroll, time records and other personnel records.

52. Given the composition and size of the FLSA Collective Plaintiffs and the potential that many members may be transient, potential opt-in class members may be informed of the pendency of this Collective Action by direct mail, email and/or text messaging.

53. This action is properly maintained as a collective action because Plaintiff is similarly situated to the collective action members he seeks to represent.

   a. Plaintiff and similarly situated employees worked for Defendants in fencing and deck installation business and were subject to the same job scheduling policies, payment practices, and operational procedures. Additionally, Defendants' willful policy or practice, whereby they have failed to pay these employees federally-mandated overtime wages for all hours worked in excess of 40 per week has affected Plaintiffs and similarly situated employees in the same fashion.

   b. Plaintiff is personally aware that other persons who worked for Defendants were subject to the same job scheduling policies, payment practices and operational procedures. Additionally, Defendants' willful policy or practice, whereby they have failed to pay these employees overtime wages for all hours worked in excess of 40 per week has affected Plaintiff and the similarly situated employees of Defendants in the same fashion.

   c. Although the number of hours worked by Plaintiff and FLSA Collective Plaintiffs may differ, the payment scheme of paying workers at their straight

8

      time rate of pay, regardless of how many hours that they worked, thereby failing to pay overtime wages for those who worked in excess of 40 hours per week overtime is common to all persons who worked for Defendants and the hours each employee worked should be readily determinable by review of Defendants' records.

    d.  Accordingly, Plaintiff is in the best position to represent all members of the FLSA collective class as a whole.

54. In addition, because Defendants applied their unlawful employment and payment policies in the same manner to all potential members of the FLSA Collective Plaintiffs, common issues of law and fact predominate, and therefore pursuing this matter as a collective action serves as the most expeditious use of the court's time and resources, as well as avoiding multiple actions on these issues, with the potential for differing or inconsistent judgments.

55. Plaintiff requests that the Court authorize notice to the FLSA Collective Plaintiffs to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid overtime compensation and liquidated damages under the FLSA.

## CAUSES OF ACTION

### COUNT I: FAILURE TO PAY OVERTIME IN VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. § 201 *ET. SEQ.*

56. Plaintiff re-alleges and re-avers all previous paragraphs of the Complaint as if fully set forth herein.

57. During all time periods relevant hereto, Plaintiff (and the putative collective action

class plaintiffs) worked in excess of forty (40) hours per week for Defendants, but Plaintiff (and the putative collective action class plaintiffs) were not compensated at the statutory rate of one and one-half times their regular rate of pay for these overtime hours.

58. Plaintiff (and the putative collective action class plaintiffs) were, and are, entitled to be paid at the statutory rate of one and one-half times their regular rate of pay for those hours worked in excess of forty (40) hours.

59. At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, by implementing a management policy, plan or decision that intentionally provided for the compensation of Plaintiff (and the putative collective action class plaintiffs) as if they were exempt from coverage under 29 U.S.C. §§201 through 219, disregarding the fact that they were not exempt.

60. At all times material hereto, Defendants failed to maintain proper time records as mandated by the FLSA.

61. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff (and the putative collective action class plaintiffs) at the statutory rate of one and one-half times their regular rate of pay for the hours worked in excess of forty (40) hours per week when they knew, or should have known, such was and is due.

62. Defendants have failed to properly disclose or apprise Plaintiff (and the putative collective action class plaintiffs) of their rights under the FLSA.

63. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff (and the putative collective action class plaintiffs) suffered lost compensation for time worked

over forty (40) hours per week, plus liquidated damages.

64. Plaintiff (and the putative collective action class plaintiffs) are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## ATTORNEY'S FEES

65. Plaintiffs have retained the law firm of Jackson+Jackson to represent Plaintiffs and FLSA Collective Action Plaintiffs in the litigation and have agreed to pay the firms a reasonable fee for their services.

## CONSENT

66. Plaintiff's consent to file this Complaint is evidenced by his signature on the FLSA Consent Form that is attached hereto.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants as follows:

a. Declaring, pursuant to 29 U.S.C. §§201 and 202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

b. Awarding Plaintiff (and the putative collective action class plaintiffs) overtime compensation in the amount due them for Plaintiff's time worked in excess of forty (40) hours per workweek;

c. Awarding Plaintiff (and the putative collective action class plaintiffs) liquidated damages in an amount equal to the overtime award;

d. Awarding Plaintiff (and the putative collective action class plaintiffs) reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

  e. Awarding Plaintiff (and the putative collective action class plaintiffs) pre-judgment interest and legal interest to which they are entitled; and

  f. Awarding Plaintiff (and the putative collective action class plaintiffs) all other relief to which they are entitled.

/s/ *Mary Bubbett Jackson*
Jody Forester Jackson, (La. Bar No. 28938)
Mary Bubbett Jackson, (La. Bar No. 29110)
**JACKSON+JACKSON**
201 St. Charles Avenue, Suite 2500
New Orleans, Louisiana 70170
T: (504) 599-5953
F: (888) 988-6499
E: jjackson@jackson-law.net
 mjackson@jackson-law.net
Attorneys for Plaintiff and the FLSA Collective Plaintiffs

**PLEASE SERVE:**

Dane's Decking & Fencing, LLC.
Through its registered agent:
Judy Goodreau
222 North Vermont Street
Covington, LA 70433

Dane Humphries
Wherever he may be found

Charity Cooper
Wherever she may be found